**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TYREESE FALKNER, # M-50918,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-01399-NJR** |
| | ) | |
| **VIPEN SHAH,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **WEXFORD MEDICAL SOURCES,** | ) | |
| **and UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tyreese Falkner, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the complaint, Plaintiff suffers from a diagnosed fish allergy, but he has been given a diet containing fish at Pinckneyville. (*Id*. at 5-6). On several occasions, he has suffered from serious allergic reactions. Plaintiff claims that his requests for a fish-free diet have fallen on deaf ears.

Plaintiff now sues Wexford Medical Sources (medical provider), Vipen Shah (doctor), Suzann Bailey (food service administrator), and an unknown defendant (food supervisor) for conspiring to violate his rights under the Eighth and Fourteenth Amendments by intentionally serving him a diet containing fish. (*Id*.). Plaintiff seeks monetary damages. (*Id*. at 8).

### Merits Review Under 28 U.S.C. § 1915A

This matter is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

### The Complaint

During his incarceration at Stateville Correctional Center ("Stateville"), Plaintiff was diagnosed with a fish allergy. (Doc. 1 at 5). He was issued a medical permit for this condition. (*Id*. at 9). Plaintiff has no complaints about receiving fish in his diet at Stateville.

The complaint instead focuses on the diet Plaintiff has received at Pinckneyville. Since his transfer to this prison,[1] Plaintiff claims that he has routinely received food containing fish. (*Id*. at 5). Not surprisingly, he has suffered from serious allergic reactions on more than one occasion, resulting in headaches, facial swelling, hives, and loss of consciousness.

Plaintiff has repeatedly reminded Pinckneyville officials about his allergy and requested a special diet. When he met with a nurse at Pinckneyville, Plaintiff learned that the doctor refused his request for a special diet because of cost concerns. Plaintiff complained directly to Pinckneyville's food service administrator, Suzann Bailey, to no avail. He also filed numerous grievances with Warden Lashbrook. Plaintiff's complaints have "gone in one ear and out the other." (*Id*.). To date, he has not been placed on a "special diet." (*Id*.).

Plaintiff now sues Pinckneyville's medical provider (Wexford Health Sources), doctor (Vipen Shah), food service administrator (Suzann Bailey), and the unknown food service supervisor ("Jane/John Doe") for conspiring to violate his rights under the Eighth and Fourteenth Amendments by intentionally serving him a diet that contains fish. He seeks only monetary damages. (*Id*. at 8).

---

[1] Plaintiff does not disclose the date of his transfer from Stateville to Pinckneyville.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into three separate counts, as set forth below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

> **Count 1:**     **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a diet containing fish at Pinckneyville.**

> **Count 2:**     **Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances about the fish in his diet.**

> **Count 3:**     **Conspiracy claim against Defendants for intentionally serving Plaintiff a diet containing fish in an effort to violate his rights.**

As explained below, **Count 1** shall receive further review against Defendants Bailey and Shah, but no one else. **Counts 2** and **3** shall be dismissed against all of the defendants for failure to state a claim upon which relief may be granted.

## Claim Subject to Further Review

**Count 1 – Deliberate Indifference to Medical Needs**

The complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Bailey and Shah. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v.*

*Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Plaintiff's fish allergy is sufficiently serious to support an Eighth Amendment claim at this stage. A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). The medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's fish allergy has been diagnosed by a physician. The allegations in the complaint reveal the dangers posed by the allergy. Plaintiff has, on more than one occasion, suffered symptoms of anaphylaxis following his consumption of food containing fish. These symptoms include headaches, swelling, hives, and loss of consciousness. The allegations satisfy the objective component of his Eighth Amendment claim.

The Court's analysis does not end there, however. To satisfy the subjective component of this claim, the complaint must also suggest that each defendant responded to Plaintiff's serious medical need with deliberate indifference. This standard is satisfied if the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994). The complaint suggests that two defendants responded with deliberate indifference to Plaintiff's allergy: Defendants Bailey and Shah.

**Food Service Administrator Suzann Bailey**

Suzann Bailey may have responded to Plaintiff's fish allergy with deliberate indifference. Bailey, who is responsible for deciding "what and how much is served," took no action to eliminate fish from Plaintiff's diet after learning of his condition. (Doc. 1 at 2, 5). Plaintiff complained directly to this defendant. (*Id*. at 5). Based on these allegations, Count 1 shall receive further review against Defendant Bailey.

**Doctor Vipen Shah**

The allegations suggest that Doctor Shah may have also responded to Plaintiff's diagnosed allergy with deliberate indifference. (*Id*. at 5-6). When Plaintiff asked a nurse to order him a special diet, she allegedly refused to do so because "the doctor" specifically declined to order a fish-free diet based on cost concerns. (*Id*.). Doctor Shah is the only doctor named in this action. Construing the allegations liberally, the Court finds that Doctor Shah was likely "the doctor" who refused Plaintiff's request for a special diet, despite a known allergy to fish. Count 1 shall also proceed against this defendant.

**Wexford Medical Sources & Food Supervisor**

This claim cannot proceed against Wexford or Jane/John Doe (unknown food supervisor). The complaint generally asserts that all of the defendants knew about Plaintiff's allergy and conspired to violate his rights by "intentionally forcing him to eat and be served fish." (*Id*. at 5). This allegation is conclusory and, standing alone, cannot support an Eighth Amendment deliberate indifference to medical needs claim against either of these defendants. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff's claim against both Wexford and Jane/John Doe rests entirely on this doctrine.

Wexford is a private corporation that contracts with the Illinois Department of Corrections to provide medical services to prisoners in Illinois. A private corporation that contracts to provide essential government services cannot be liable under § 1983, unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dept. of Corr.*, 746 F.3d 789 (7th Cir. 2014). No allegations suggest that Wexford was responsible for a policy or custom that resulted in Plaintiff's exposure to fish in his diet. Count 1 shall therefore be dismissed without prejudice against Wexford.

The same is true for Jane/John Doe. This defendant is identified as the food supervisor, who was responsible for making food "policy and enforce[ing] it." (*Id*. at 2). While this may be true, the allegations do not suggest that this defendant knew about Plaintiff's fish allergy and still created or enforced a policy of serving him fish. Without more, the Court cannot conclude that this defendant had any personal involvement in an Eighth Amendment violation. Count 1 shall be dismissed without prejudice against Jane/John Doe as well.

## Claims Subject to Dismissal

### Count 2 – Due Process

The complaint refers to the Fourteenth Amendment (**Count 2**), but Plaintiff does not explain why. To the extent that Count 2 arises from the defendants' failure to respond to his

grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Put differently, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. Count 2 fails and shall be dismissed with prejudice against all of the defendants.

**Count 3 – Conspiracy**

The conspiracy claim (**Count 3**) also fails. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). The complaint alleges that the defendants conspired to violate Plaintiff's constitutional rights "by intentionally forcing him to eat and be served fish even though they knew that he was allergic to fish." (Doc. 1 at 5).

The mere mention of a conspiracy is insufficient to satisfy basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure and *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The complaint simply does not suggest that Wexford, Doctor Shah,

Food Administrator Bailey, and Jane/John Doe entered into an agreement to serve Plaintiff food that they knew would harm him. Conclusory assertions of a conspiracy, such as those set forth in the complaint, cannot sustain this claim. *See Brooks*, 578 F.3d at 581 (Courts "should not accept as adequate . . . conclusory legal statements."). Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Non-Parties

The claims in this action are considered dismissed without prejudice against all other individuals who are not identified as defendants in the case caption but are named in the statement of claim, including Warden Lashbrook, the nurse, and Cantina Food Services. (*Id*. at 5). When parties are not listed in the caption, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

## Request for Interim Relief

Plaintiff has not asked this Court to consider issuing a temporary restraining order ("TRO") or preliminary injunction, in the form of an order requiring the prison to eliminate fish from his diet. If such an order becomes necessary, Plaintiff may file a separate motion for a TRO and/or preliminary injunction pursuant to Rule 65(a)-(b) of the Federal Rules of Civil Procedure. He is free to do so at any time during the pending action.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order of this Court.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to **United**

**States Magistrate Judge Donald G. Wilkerson** for a decision.

Finally, Plaintiff's motion for service of process at government expense (Doc. 4) is hereby **GRANTED in part**, with respect to **SUZANN BAILEY** and **VIPEN SHAH**, and **DENIED in part**, with respect to all other defendants.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice and **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **WEXFORD MEDICAL SOURCES** and **UNKNOWN PARTY (John/Jane Doe Food Supervisor)** are **DISMISSED** without prejudice from this action because the complaint fails to state a claim against either of these defendants upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **BAILEY** and **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 21, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**