IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYREESE FALKNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-1399-NJR-DGW |
| | ) |
| VIPIN SHAH and SUZANN BAILEY, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Vipin Shah, M.D. (Doc. 31) and the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Suzann Bailey (Doc. 35) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Tyreese Falkner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 on December 22, 2015 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville

Correctional Center ("Pinckneyville"). More specifically, Plaintiff alleges that despite suffering from a diagnosed fish allergy, he has been given a diet containing fish at Pinckneyville, causing him to suffer from serious allergic reactions. After an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count of deliberate indifference against Defendants Dr. Vipin Shah and Suzann Bailey, the IDOC food service administrator, for endangering Plaintiff's health by serving him a diet containing fish at Pinckneyville.

Defendants Shah and Bailey filed motions for summary judgment asserting Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (*see* Docs. 31 and 35). In their motions, Defendants assert that although grievance records from Pinckneyville and the Administrative Review Board ("ARB") indicate Plaintiff filed two grievances related to his fish allergy, these grievances were not exhausted prior to the filing of this lawsuit and, moreover, they fail to sufficiently identify or name either Defendant.

The first grievance referenced by Defendants was dated October 2, 2015 and complained that on this date dietary was serving fish (Doc. 32-2, p. 4). Plaintiff indicates that he informed the food supervisor of his fish allergy and, as such, the food supervisor did not put any fish on his tray (*Id.*). However, Plaintiff complains that he was told peanut butter would be provided as a substitute, but no peanut butter was provided (*Id.*). Plaintiff's counselor received this grievance on October 7, 2015 and responded on October 18, 2015 indicating that it is the responsibility of the healthcare unit to provide dietary with any special diet orders and it had no special diet orders for Plaintiff (*Id.*). Subsequently, Plaintiff submitted this grievance to the Grievance Officer who both received said grievance and provided a response recommending that the grievance be denied on October 24, 2015 (Doc. 32-2, p. 3). The Chief Administrative

Officer ("CAO" or "Warden") concurred with the Grievance Officer's response on November 2, 2015 (*Id.*) and Plaintiff indicated his intent to appeal the CAO's decision to the ARB on November 24, 2015 (Doc. 36-2, p. 2).  The ARB received Plaintiff's October 2, 2015 grievance on November 30, 2015 and issued its response denying the grievance on March 11, 2016 (Doc. 36-2, p. 1).

Defendants also concede that Plaintiff filed a grievance in February, 2016, as evidenced by his cumulative counseling entry on February 10, 2016, wherein his counselor reported that he received an answer from the healthcare unit regarding a grievance concerning Plaintiff's claim that he is allergic to fish (*see* Doc. 32-1, p. 2).  Aside from this entry in Plaintiff's cumulative counseling summary, there appears to be no other record of this grievance before the Court.

In conjunction with the filing of their motions for summary judgment, Defendants filed Rule 56 Notices informing Plaintiff of his obligation to file responses to their motions within thirty days and advising him of the perils of failing to respond (*See* Docs. 33 and 37). Defendants' Notices also informed Plaintiff that his failure to file a timely response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion (*Id.*).  Despite receiving adequate notice, Plaintiff failed to file a response in the prescribed time period.  Importantly, there is no indication in the record that Defendants' motions, or any other filings, have been returned as undeliverable.  Further, the IDOC inmate website indicates that Plaintiff is still incarcerated at Pinckneyville, the same institution Defendants certify they mailed their motions and memoranda in support.

Although Plaintiff failed to file any response to Defendants' motions, the Court notes that in his complaint Plaintiff avers he "started to file grievances as soon as they gave me fish on appx. Sept. 19, 2015 the day after they gave me fish on that Friday the 18th [sic]" (Doc. 1, p. 7).

Plaintiff goes on to state that he also filed "over 2 others (grievances) in October and November 2015" (*Id.*). As Plaintiff failed to file a response to Defendants' motions, there is no other information concerning the grievances Plaintiff references in his complaint.

## LEGAL STANDARDS

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first

attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper,

but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### CONCLUSIONS OF LAW

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendants' motions for summary judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey,* 544 F.3d 739.

It is well-established that exhaustion of available administrative remedies is a precondition to bringing suit. *Dale* 376 F.3d at 655. Pursuant to the Illinois Administrative Code, an inmate's administrative remedies are not exhausted until the appeal of a grievance is ruled on by the ARB. ILL. ADMIN. CODE TIT. 20, § 504.850(a); *Dole*, 438 F.3d at 806-07. In this instance, Plaintiff filed one grievance, dated October 2, 2015, prior to filing this lawsuit that concerned his fish allergy and the failure of Pinckneyville staff to accommodate his allergy by providing him a special diet. While it is undisputed that Plaintiff received responses to this grievance from his counselor, Grievance Officer, and CAO, and submitted this grievance to the ARB for review, as required by the Illinois Administrative Code, Plaintiff filed this suit before

the ARB was able to respond to this grievance.  Specifically, the ARB received this grievance on November 30, 2015, after which date it had at least six months to make a final determination pursuant to Illinois Administrative Code § 504.850(f).  Indeed, the ARB provided its response to this grievance on March 11, 2016, well within the prescribed timeframe.  However, Plaintiff failed to wait until the ARB's decision was received or until the six month time period had elapsed before filing this lawsuit on December 22, 2015.  Accordingly, Plaintiff's October 2, 2015 grievance is insufficient to establish exhaustion for Plaintiff's deliberate indifference claim against Defendants Shah or Bailey.

Further, although the Court acknowledges Plaintiff filed a grievance sometime in February, 2016, this grievance would clearly be insufficient to exhaust Plaintiff's claims as it was filed *after* the lawsuit was filed.

As there are no other grievances on the record before the Court, it appears that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

### RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Vipin Shah, M.D. (Doc. 31) and the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Suzann Bailey (Doc. 35) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies prior to filing suit; that this action be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 20, 2016**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**