### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYREESE FALKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-1399-NJR-DGW |
| ) | |
| VIPIN SHAH and SUZANN BAILEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 47), which recommends that this Court grant Defendant Vipin Shah's and Defendant Suzann Bailey's Motions for Summary Judgment (Docs. 31 and 35). The Report and Recommendation was entered on September 20, 2016. No objections have been filed.

Plaintiff Tyreese Falkner ("Falkner"), an inmate at Pinckneyville Correctional Center, filed this case on December 22, 2015, asserting his constitutional rights were violated. After an initial screening of Falkner's Complaint, Falkner was allowed to proceed on his claim that that Defendants Shah and Bailey were deliberately indifferent to his serious medical needs (Doc. 9).

On May 16, 2016, Defendant Shaw filed a motion for summary judgment on the basis that Falkner failed to exhaust his administrative remedies before bringing suit (Docs. 31 and 32). On May 19, 2016, Defendant Bailey filed a motion for summary

judgment on the same basis (Docs. 35 and 36). Falkner did not respond to either motion

for summary judgment, despite being warned of the perils of failing to file a response

(Docs. 33 and 37).

On September 20, 2016, Magistrate Judge Wilkerson issued the Report and

Recommendation currently before the Court (Doc. 47). The Report and Recommendation

accurately states the nature of the evidence presented on the issue of exhaustion, as well

as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of

the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b);

SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see*

*also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or

modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In

making this determination, the Court must look at all of the evidence contained in the

record and give "fresh consideration to those issues to which specific objections have

been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure*

3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation

are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo*

review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

While a *de novo* review is not required here, the Court has considered the evidence and

fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based on the evidence submitted by Defendants in support of their motions for

summary judgment, Falkner has not exhausted his administrative remedies. The Court agrees that the October 2, 2015 grievance and the February 2016 grievance are insufficient to establish exhaustion. As to the October 2, 2015 grievance, Falkner prematurely filed suit before he received a final determination of the Administrative Review Board ("ARB") and before the six-month timeframe had elapsed. *See, e.g. Randle v. Corbitt*, No. 3:13-CV-01009-SMY-PMF, 2015 WL 720578, at *3 (S.D. Ill. Feb. 18, 2015) (finding that prisoner failed to exhaust when he filed suit prior to the end of the six month guideline for the ARB to respond); *Buie v. Lock*, No. 13-1157, 2014 WL 3925058, at *6 (C.D. Ill. Aug. 11, 2014) (same); *Love v. Hardy*, No. 12 C 8776, 2013 WL 3353920, at *2 (N.D. Ill. July 2, 2013) (same). As to the grievance filed sometime in February 2016, this grievance was clearly filed after this suit was filed.

Further, Falkner has provided no evidence to dispute the evidence and assertions set forth in Defendants' motions for summary judgment, despite being given ample time and opportunity to do so and despite being warned that his failure to file a response to the motion for summary judgment may be considered an admission of the merits (*See* Docs. 33 and 37). Because it is apparent to the Court that Falkner did not fully exhaust his administrative remedies prior to filing suit, his claims against Defendants Shah and Bailey must be dismissed.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 47), **GRANTS** Defendant Shah's Motion for Summary Judgment (Doc. 31), and **GRANTS** Defendant Bailey's Motion for Summary Judgment (Doc. 35). Falkner's claims against Defendants Shah and Bailey are **DISMISSED without prejudice**. The case is

now closed, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED:    October 24, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**